UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 07-128-GWU

JANET TACKETT, PLAINTIFF,

VS.   **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of her application for Supplemental Security Income (SSI). The appeal is currently before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

Case: 7:07-cv-00128-GWU   Doc #: 11   Filed: 03/26/08   Page: 2 of 12 - Page ID#: 58

07-128 Tackett

> 4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).
>
> 5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).
>
> 6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).
>
> 7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the

3

alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert

accurately portrays the plaintiff's physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Janet Tackett, was found by an Administrative Law Judge (ALJ) to have a "severe" impairment due to the "residuals of poorly differentiated ductal carcinoma of the left breast (status post left partial mastectomy sentinel lymph node biopsy followed by left axillary dissection)." (Tr. 16). Nevertheless, based in part on the testimony of a Vocational Expert (VE), the ALJ determined that Mrs. Tackett retained the residual functional capacity to perform a significant number of jobs existing in the economy, and therefore was not entitled to benefits. (Tr. 18-21). The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ asked the VE whether a person of the plaintiff's age, education, and work experience could perform any jobs if she were limited to "light" level exertion, and had limited use of her left non-dominant arm, particularly for reaching overhead. (Tr. 527). The VE responded that there were jobs that such a person could perform, and proceeded to give the numbers in which they existed in the regional and national economies. (Tr. 527-8).

On appeal, this court must determine whether the administrative decision is supported by substantial evidence.

Mrs. Tackett alleged disability due to diabetes, high blood pressure, and breast cancer. (Tr. 59). The medical evidence shows that a left partial mastectomy

was performed on May 5, 2004 due to findings of breast cancer (Tr. 225), followed by radiation and chemotherapy (Tr. 214). Following treatment, the lymph nodes were negative. (Id.). Her treating physician, Dr. Syed Badrudduja, wrote in June, 2005 that Mrs. Tackett continued to have edema due to the radiation treatments which resulted in pain in her left arm and an inability to use it to its full potential. (Tr. 337). Dr. Kirti Jain at the Highlands Cancer Center, which was also following the plaintiff after her surgery, noted in a March 30, 2006 follow-up visit that the plaintiff had been doing well. (Tr. 386). Three months earlier, her gall bladder had been removed, but she had no new symptoms or complaints, her physical examination was normal and laboratory testing showed no clinical evidence for recurrent breast carcinoma. (Id.). Dr. Mark Burns had conducted a consultative physical examination in October, 2005. The plaintiff indicated that she continued to have occasional pain and swelling of her left breast and arm, for which medication provided fair relief. (Tr. 325). The examination conducted by Dr. Burns did not show any range of motion limitations, and he concluded that she would have no physical restrictions. (Tr. 326-31).

Dr. Badrudduja wrote a letter dated May 2, 2006 stating that, in his medical opinion, Mrs. Tackett "is not able to perform work of any [kind] and will more than likely never be able to resume normal activities." (Tr. 375). He stated that, in addition to her treatment for cancer, she had also been diagnosed with arthritis, diabetes, and high blood pressure, which had complicated her condition. He did not

cite any specific physical restrictions, saying only that Mrs. Tackett tired very easily and she had been told to rest as much as possible. (Id.).

At the administrative hearing held shortly after the date of this letter, Mrs. Tackett indicated that her physicians had not been encouraging about her prospects for remaining free of cancer. (Tr. 518). The ALJ asked for a letter from her physician to this effect, noting that the results from blood work in the record at that point were negative. (Tr. 522-3). Dr. Badrudduja submitted another letter dated May 18, 2006 stating that it would be difficult to state that Mrs. Tackett's cancer was ever fully in remission, because the cells involved were so small that a new diagnosis could not be confirmed unless they grouped together, "thus making a total remission diagnosis basically impossible to confirm." (Tr. 390). He stated that it was standard to watch patients closely and it would be standard to follow them for at least 15 years. (Id.). He did not suggest that there was any evidence of such a grouping, but stated that in his opinion "she will never be able to work and perform on a level suitable with employment."

The ALJ rejected Dr. Badrudduja's opinion on the grounds that an ultimate conclusion of disability is reserved to the Commissioner of Social Security, and the degree of limitation was inconsistent with other medical evidence, including Mrs. Tackett's treating oncologists, who had not indicated any type of work-related limitation or functioning. (Tr. 19). The ALJ gave the plaintiff the benefit of the doubt

9

07-128 Tackett

in restricting the plaintiff to light level exertion with restrictions on using her left arm as indicated in Dr. Badrudduja's June, 2005 letter.

The plaintiff's only argument on appeal is that the ALJ had a duty under 20 C.F.R Section 416.912 to recontact the treating source for additional information if he felt that the evidence received was inadequate to make a determination. This section begins by emphasizing the plaintiff's responsibility to provide medical evidence showing the existence, severity and functional impact of a medical impairment or impairments. 20 C.F.R Section 416.912(a), (c). It goes on to state that the Commissioner will assist the plaintiff in developing his or her medical history for at least the 12 months preceding the month in which the application is filed by making "every reasonable effort to help you get medical reports from your own medical sources when you give us permission to request the reports." 20 C.F.R. Section 416.912(d). It states that if the evidence then received "is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision." 20 C.F.R. Section 416.912(e). Subsection (1) states:

> We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques. We may do this by requesting copies of your medical source's records, a new report, or a more detailed report from

10

> your medical source, including your treating source, or by telephoning your medical source. In every instance where medical evidence is obtained over the telephone, the telephone report will be sent to the source for review, signature and return.

Finally, the section states that if the needed information cannot be obtained from a treating source, the Commissioner will ask the claimant to attend one or more consultative examinations. 20 C.F.R Section 416.912(f).

The sequence of events described in the regulation appears to contemplate the earlier stages of a disability claim, such as the initial and reconsideration levels. In the present case, for example, the consultative examination by Dr. Burns took place before Dr. Badrudduja issued his letters stating that the plaintiff was unable to work; at the time, there was no opinion from an examining source regarding the plaintiff's overall ability to function. Viewed in this light, the requirements of the regulation read as a whole were already accomplished.

Assuming for the sake of argument that this was not the case, the plaintiff has not shown that the evidence from the treating source was "inadequate . . . for [the Commissioner] to determine whether [she was] disabled," as described in Subsection (e). Due to the physician making vocational conclusions outside his area of expertise, and failing to provide specific functional limitations, the evidence was inadequate to establish <u>disability</u>, but that does not mean that it was inadequate to reach a <u>decision</u>. Apart from the fact that the physician was making an impermissible vocational conclusion outside his area of expertise with the blanket

07-128  Tackett

statement that she was unable to work, the ALJ also reasonably rejected his opinion because it was not supported by objective findings from any source. Even if the physician had provided more specifics after being recontacted, this factor would have provided an adequate rationale for the ALJ to reject the doctor's opinion.

The decision will be affirmed.

This the 26th day of March, 2008.

Signed By:

*G. Wix Unthank*

United States Senior Judge